IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDDIE ADONIS GARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-138 |
| | ) | (Formerly CR 112-256) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Eddie Adonis Garnett filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

I.  **BACKGROUND**

On December 6, 2012, a grand jury in the Southern District of Georgia charged Petitioner with one count of bank robbery in violation of 18 U.S.C. § 2113. United States v. Garnett, CR 112-256, doc. no. 1 (S.D. Ga. Dec. 6, 2012) (hereinafter "CR 112-256"). The Court appointed Troy A. Lanier to represent Petitioner, and after a trial on May 17, 2013, the jury found Petitioner guilty. (Id., doc. nos. 47-49.)

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-two, Criminal History Category

at IV, and Guidelines term of imprisonment between sixty-three and seventy-eight months. PSI ¶ 69. Petitioner's Total Offense Level was twenty-two based on a base offense level of twenty, and an increase of two points under §2B3.1(b)(1) because Petitioner stole $5,136 dollars. PSI ¶¶ 17-18.

Petitioner's offense level was not enhanced due to a career offender designation under § 4B1.1 of the Sentencing Guidelines or any other provision. PSI ¶¶ 17-25. At sentencing on July 11, 2013, United States District Judge Dudley H. Bowen, Jr., varied upwards from the sentencing guideline range and imposed a sentence of 120 months of imprisonment. (CR 112-256, doc. nos. 61, 62.) Petitioner filed a direct appeal, and on May 2, 2014, the Eleventh Circuit affirmed Petitioner's conviction and sentence. (Id., doc. nos. 77, 78.)

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on June 3, 2016, Petitioner filed a motion in his underlying criminal case seeking appointment of counsel claiming Johnson applies to his conviction. (CR 112-256, doc. no. 80.) On July 12, 2016, Judge Bowen issued an Order informing Petitioner that if he was seeking to attack the legality of

his sentence, he was required to petition for habeas corpus relief under 28 U.S.C. § 2255. (Id., doc. no. 81.) In the Order, Judge Bowen informed Petitioner the Court intended to re-characterize his motion seeking appointment of counsel as a first § 2255 motion if Petitioner did not otherwise withdraw his motion or amend the motion to assert any other § 2255 claims within thirty days. (Id. at 2-4.)

Petitioner did not respond, and the Court re-characterized Petitioner's motion for appointment of counsel as a § 2255 motion with a *nunc pro tunc* filing date of June 3, 2016. Petitioner does not argue he was sentenced under the statutory provisions of the ACCA and gives no rationale as to why Johnson might apply to him.

## II. DISCUSSION

### A. Johnson Does Not Apply to Petitioner.

As explained above, Petitioner was not sentenced under the statutory provisions of the ACCA, did not receive a career offender enhancement under § 4B1.1, and did not receive any other enhancement incorporating a "residual clause" that might make Johnson potentially applicable. Further, Petitioner's crime of conviction was not 18 U.S.C. § 924(c) which also contains a "residual clause," though substantially different from the one involved in Johnson. Because Johnson plainly does not apply to Petitioner's case, Petitioner's motion is without merit and should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the §

3

2255 motion be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA